# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 25-6483

**Case Name** Hudson-Bryant v. OCMBC, Inc.

**Counsel submitting this form** Andrew R. Perrong, Esq.

**Represented party/parties** Kimberly Hudson-Bryant

*Briefly describe the dispute that gave rise to this lawsuit.*

This is a Telephone Consumer Protection Act case arising from a telemarketing campaign run to generate mortgage business for OCMBC Inc., d/b/a LoanStream. LoanStream operated branches through its employees, including Cynthia Roberts, with LoanStream funding the branch, paying its rent, and accepting its loans. Her husband, Sean Roberts, ran a marketing company, Resmo, and LoanStream knew he was involved with the branch and its marketing efforts. With LoanStream's full knowledge, approval, and payment, Sean Roberts generated telemarketing leads for the branch. Roberts bought consumer leads from vendor LizDev, whose invoice names LoanStream as the client responsible for TCPA and Do Not Call compliance, and hired a subvendor, Global Experts, to cold call those consumers and pitch LoanStream's mortgage products. LoanStream's co-founder discussed the call scripts and lead sourcing with Sean Roberts before the campaign, and LoanStream recorded a payment for such marketing in its books as marketing expenses. As part of that campaign, Global Experts, as an agent of Defendant, called Plaintiff-Appellant Kimberly Hudson-Bryant twice in October 2021 at a number on the National Do Not Call Registry, with the caller identifying herself as calling from "LoanStream Mortgage" and offering to lower her mortgage rate. LoanStream's own corporate designee conceded that LoanStream's products were being promoted on these calls and that recipients would believe the calls were made on LoanStream's behalf. Plaintiff sued LoanStream under 47 U.S.C. § 227(c)(5), alleging it is vicariously liable for the calls made to sell its loans.

*Briefly describe the result below and the main issues on appeal.*

The district court denied class certification, concluding that Plaintiff was not a typical or adequate representative because LoanStream would press defenses supposedly unique to her, including her standing, her connection to the called number, and who registered the number on the Do Not Call Registry. The court later rejected every one of those defenses on summary judgment. The court nonetheless granted summary judgment to LoanStream, holding that no reasonable jury could find LoanStream vicariously liable for the calls under actual authority, apparent authority, or ratification. The main issues on appeal are: 1. Whether the court improperly weighed evidence and resolved factual disputes against Plaintiff; 2. Whether the court erred in its vicarious liability analysis, including in holding that there was no evidence of actual authority, apparent authority, or ratification; 3. Whether the court erred in failing to consider "on behalf of" liability under the TCPA; and 4. Whether the denial of class certification should be reversed, including because it rested on purportedly "unique defenses" the district court itself later rejected at summary judgment.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.

**Signature** s/ Andrew R. Perrong **Date** 09/21/2026
*(use* "s/[typed name]" *to sign electronically-filed documents)*